1 | McGREGOR W. SCOTT
United States Attorney
2 | ROSANNE L. RUST
MICHAEL D. ANDERSON
3 | Assistant United States Attorneys
501 I Street, Suite 10-100
4 | Sacramento, CA 95814
Telephone: (916) 554-2700
5 | Facsimile: (916) 554-2900

6 | Attorneys for Plaintiff
United States of America
7

**FILED**

**DEC 1 3 2018**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**SEALED**

8 | IN THE UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10

**2:18 - CR - 0 2 5 7 MCE**

11 | UNITED STATES OF AMERICA,

CASE NO.

12 |                Plaintiff,

13 |       v.

14 | RAHMAN LAKHANI,
N. ALI ENTERPRISES, INC., and
15 | 21ST CENTURY DISTRIBUTION, INC.,

16 |            Defendants.

VIOLATIONS: 18 U.S.C. § 1341 – Mail Fraud
(14 Counts); and 18 U.S.C. § 1343 – Wire Fraud
(14 Counts); 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.
§ 2461(c) – Criminal Forfeiture

17

18

19 |                   I N D I C T M E N T

20 | <u>COUNTS ONE THROUGH FOURTEEN</u>: [18 U.S.C. § 1341 – Mail Fraud]

21 |      The Grand Jury charges: THAT

22 |                 RAHMAN LAKHANI,
N. ALI ENTERPRISES, INC., and
23 |        21st CENTURY DISTRIBUTION, INC.,

24 | defendants herein as follows:

25 | ///

26 | ///

27 | ///

28 | ///

INDICTMENT

1

1

**I.   BACKRGOUND, PARTIES, RELEVANT PERSONS, ENTITIES**

2

At all times relevant to this Indictment:

3   1.   Defendant RAHMAN LAKHANI was a resident of Naperville, Illinois.  LAKHANI

4   owned and operated businesses in several states, including California, Nevada, and Illinois that sold

5   Other Tobacco Products.  Other Tobacco Products ("OTP") consisted of tobacco products other than

6   cigarettes such as cigars, chewing tobacco and leaf tobacco.  LAKHANI did not always observe

7   corporate formalities and often operated his various OTP businesses as though they were one company,

8   including using an overlapping corporate structure, sharing certain operating expenses, and using the

9   same corporation, with the same corporate name for his Nevada OTP and California OTP business

10  locations.

11  2.   Defendant 21st CENTURY DISTRIBUTION, INC. was a corporation licensed by the

12  State of Nevada, whose primary place of business was a warehouse and office located in Las Vegas,

13  Nevada ("21st CENTURY-NEVADA").  LAKHANI was the President, Secretary and Treasurer of the

14  Nevada corporation.  The Nevada corporation held a Nevada OTP wholesaler license, which allowed the

15  corporation to sell OTP within the State of Nevada, and a California Tobacco Products Distributor's

16  license, which allowed the Nevada corporation to sell OTP to properly licensed companies located in

17  California.

18  3.   Under the auspices of his Nevada corporation, 21st CENTURY DISTRIBUTION, INC.,

19  which LAKHANI also registered as a foreign corporation in California, LAKHANI opened two more

20  OTP warehouse locations in the State, one in Los Alamitos, California ("21st Century-Los Alamitos")

21  and one in Rancho Cucamonga, California ("21st Century-Rancho Cucamonga").  21st CENTURY

22  DISTRIBUTION, INC. held a California Tobacco Products Distributor's license relating to the 21st

23  Century-Los Alamitos location, and held an additional California Tobacco Products Distributor's license

24  relating to the 21st Century-Rancho Cucamonga location.  These licenses allowed 21st CENTURY

25  DISTRIBUTION, INC. to sell OTP from each location to properly licensed companies located in

26  California.

27  4.   Defendant N. ALI ENTERPRISES, INC., was a corporation licensed by the State of

28  Illinois, whose primary place of business was an office and warehouse located in Naperville, Illinois.

INDICTMENT
2

1 LAKHANI was the President and Secretary of the corporation. The corporation held an Illinois

2 Distributor of Tobacco Products License that permitted the corporation to sell OTP in Illinois and to

3 companies located in other states.

4       5.      California law required that every person, including someone located out of state

5 who desired to sell OTP within California, had to first obtain a license from the California State Board

6 of Equalization ("BOE"), relevant portions of which are now part of the California Department of Tax

7 and Fee Administration ("CDTFA"). Under California law, an out-of-state distributor was explicitly

8 liable for paying the excise tax on OTP either when: (1) that out-of-state distributor sold OTP to another

9 California distributor physically in California; or (2) when that out-of-state distributor sold OTP to a

10 California wholesaler or retailer regardless of the point of sale. Nevertheless, when an out-of-state

11 California-licensed distributor sold OTP into California to another distributor from a licensed out-of-

12 state location, that out-of-state distributor could expressly assume the excise tax liability owed to the

13 California BOE, or later the CDTFA. If such an arrangement existed, the out-of-state distributor was

14 required to submit to the California BOE (or later the CDTFA) in Sacramento, California, monthly or

15 quarterly reports reflecting the amount of OTP sold into California in the previous month or quarter and

16 the amount of excise tax owed, together with payment in that amount. The monthly or quarterly reports

17 were generally sent by U.S. mail or common carrier, or email.

18       6.      Both tobacco distributors and tobacco wholesalers were required by California law to

19 maintain accurate records reflecting their purchase, shipment and sale of tobacco products. BOE, and

20 later CDTFA, are permitted under California law to inspect those records to determine if all tax has been

21 paid. The inspection of these types of records was a regularly conducted activity of the BOE, now

22 CDTFA, and specialized teams of auditors and inspectors regularly inspected the business locations and

23 business records of OTP distributors, wholesalers and retailers throughout the State to ensure tax

24 compliance.

25       7.      The tobacco excise tax for OTP in California has changed over time. From August 2015

26 to June 30, 2016, the tobacco excise tax was 28.13% of the wholesale (pre-tax) cost of the OTP.

27 From July 1, 2016 through June 30, 2017, the tobacco excise tax was 27.3% of the wholesale (pre-tax)

28 cost of the OTP. From July 1, 2017 to April 30, 2018, the tobacco excise tax was 65.08% of the

1  wholesale (pre-tax) cost of the OTP.  With an excise tax affixed to the sale of OTP, a profit margin

2  existed for individuals or companies who illegally evaded paying the excise tax.

3        8.    Nevada law required that any person who wanted to buy OTP in the State had to first

4  obtain an OTP wholesale dealer license or an OTP retail dealer license from the Nevada Department of

5  Taxation ("DOT").  Nevada law also mandated that every wholesaler had to pay an excise tax on the

6  OTP it sold in Nevada.  The wholesaler paid the OTP excise tax by filing monthly tax returns.  On those

7  returns, the Nevada DOT also required the wholesaler to disclose the amount of OTP the wholesaler

8  shipped out of the State and what out-of-state companies received those OTP shipments.

9        9.    Illinois law required any person who wanted to distribute tobacco products in Illinois to

10  first obtain a license from the Illinois Department of Revenue.  Illinois distributors were required to pay

11  excise taxes monthly on OTP they sold to retailers or consumers in Illinois.  In addition to identifying

12  the amount of OTP sales within the State and the amount of tax due on those distributions, the Illinois

13  Tobacco Products tax return required distributors to list the amount of OTP sales it exported to other

14  states and the specific companies to which those OTP sales were made.

15  **II.    SCHEME TO DEFRAUD**

16       10.    Beginning in or about August 2015, and continuing to in or about April 2018, in the

17  County of Sacramento, State and Eastern District of California, and elsewhere, the defendants

18  knowingly devised, intended to devise, participated in, and executed a material scheme to defraud and to

19  obtain money and property by means of materially false and fraudulent pretenses, representations and

20  promises, and the concealment of material facts, in violation of Title 18, United States Code, Section

21  1341.

22       11.    The purpose of the scheme was to obtain money and property by selling OTP on which

23  all excise tax had purportedly been paid to companies located in California without actually paying all of

24  the excise tax owed, and while evading through false statements and misrepresentations, the full amount

25  of the California excise tax.

26  **I.    MANNER AND MEANS**

27      The manner and means of the scheme were, in substance, as follows:

28       12.    The defendants purchased OTP directly from manufacturers or third-party distributors

INDICTMENT                     4

1  located outside of California.

2       13.    The defendants then sold the OTP to third-party companies located in California, in many
3  cases first moving the OTP from one of LAKHANI's various corporate entities to another that was
4  either closer to California or located within California. When LAKHANI shipped OTP from one of his
5  entities outside of California to an entity he controlled inside California, he, or others working at his
6  direction, often created an invoice that falsely claimed one of the defendants had paid the California
7  excise tax.

8       14.    When selling OTP from one of his entities, whether it was located in California or outside
9  California, to companies located in California that were owned by third-parties, the defendants provided
10  invoices describing the terms of the sale. On those invoices, LAKHANI falsely stated that all California
11  excise taxes had been paid by one of the defendants.

12       15.    In many cases, the invoices also contained false and misleading information in that the
13  invoice price appeared higher than the price actually paid by the customer after receiving credits not
14  listed on the original invoice. This higher price made it appear more plausible to BOE (or later CDTFA)
15  auditors and investigators that the tax had actually been paid.

16       16.    By falsely claiming that the OTP was tax paid when it was not, the defendants sold the
17  OTP at lower prices and/or higher profit margins than if they had actually paid the tax. As a result, the
18  defendants sold more OTP and made more money.

19       17.    To prevent the detection of the scheme and to ensure that it could continue to operate,
20  even if the different state taxing authorities shared excise tax information with each other, the defendants
21  also fraudulently concealed the amount of OTP exported from Nevada by 21st CENTURY-NEVADA.
22  On 21st CENTURY-NEVADA's Nevada tax returns, the defendants provided false information
23  regarding the amount of OTP 21st CENTURY-NEVADA exported from Nevada to California.

24       18.    To prevent the detection of the scheme and to ensure that it could continue to operate
25  even if the different state taxing authorities shared excise tax information with each other, the defendants
26  also fraudulently concealed the amount of OTP exported from Illinois by N. Ali Enterprises, Inc. On N.
27  ALI ENTERPRISES, INC.'s June 2017 Illinois return, the defendants provided false information
28  regarding the amount of OTP N. ALI ENTERPRISES, INC. exported from Illinois to Nevada,

INDICTMENT                    5

1    specifically to 21st CENTURY-NEVADA.

2        19.    In addition, to further prevent the detection of the scheme and to ensure that it could

3    continue to operate without the full payment of the excise tax, LAKHANI's OTP business locations that

4    held California licenses submitted by mail, common carrier, and email, California excise tax returns to

5    the BOE, or later the CDTFA, in Sacramento that provided false information regarding the amount of

6    OTP those companies had distributed and sold in California.

7        20.    As part of the OTP sales, the defendants also collected payment from the third-party

8    companies in California that purchased the OTP.  The money from those sales was often used, at least in

9    part, to purchase additional OTP that was then sold as part of the scheme and to pay business expenses

10    associated with the scheme.

11        21.    One such business expense was the payment of shipping costs for the OTP transported by

12    the defendants.  As a part of the scheme, N. ALI ENTERPRISES, INC., was billed for, and paid, the

13    shipping costs for certain OTP shipments 21st CENTURY-NEVADA made to LAKHANI's California

14    OTP customers, although 21st CENTURY-NEVADA, and not N. ALI ENTERPRISES, INC., was the

15    company actually shipping the OTP.

16        22.    As a result of this scheme, the defendants sold approximately $26,585,000.00 of OTP to

17    companies in California, causing a loss of excise tax revenue of approximately $5 million to $10 million

18    to the State of California.

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

## II.   THE MAILINGS

23.   On or about the dates set forth below, in the State and Eastern District of California and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, the defendants did knowingly cause to be sent or delivered by the Postal Service, or delivered by common carrier, to the locations set forth below, the documents and items specified below:

| Count | Date | Content of Mailing | Recipients |
|---|---|---|---|
| 1. | October 26, 2015 | September 2015 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 2. | November 24, 2015 | October 2015 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 3. | December 14, 2015 | November 2015 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 4. | January 22, 2016 | December 2015 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 5. | April 18, 2016 | January 2016 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 6. | April 18, 2016 | February 2016 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 7. | June 24, 2016 | March 2016 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 8. | July 22, 2016 | April 2016 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 9. | August 24, 2016 | May 2016 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 10. | January 13, 2017 | September 2016 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 11. | January 28, 2017 | October 2016 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 12. | November 25, 2017 | September 2017 Monthly Excise Tax Return for 21st Century-Nevada | California CDTFA Sacramento, CA |
| 13. | November 25, 2017 | Third Quarter 2017 Quarterly Excise Tax Return for 21st Century-Rancho Cucamonga | California CDTFA Sacramento, CA |
| 14. | December 7, 2017 | September 2017 Monthly Excise Tax Return for 21st Century-Los Alamitos | California CDTFA Sacramento, CA |

All in violation of Title 18, United States Code, Sections 2 and 1341.

///

///

///

1  COUNTS FIFTEEN THROUGH TWENTY-EIGHT: [18 U.S.C. § 1343 – Wire Fraud]

2      The Grand Jury further charges:  THAT

3                          RAHMAN LAKHANI,
                       N. ALI ENTERPRISES, INC., and
4                     21st CENTURY DISTRIBUTION, INC.,

5  defendants herein as follows:

6      1.      Paragraphs 1 through 9 of Counts One through Fourteen are re-alleged and fully

7  incorporated herein by reference.

8                    **I.      SCHEME TO DEFRAUD**

9      2.      Beginning in or about August 2015, and continuing to in or about April 2018, in the

10  County of Sacramento, State and Eastern District of California, and elsewhere, the defendants

11  knowingly devised, intended to devise, participated in, and executed a material scheme to defraud and to

12  obtain money and property by means of materially false and fraudulent pretenses, representations and

13  promises, and the concealment of material facts, in violation of Title 18, United States Code, Section

14  1343.

15      3.      The purpose of the scheme was to obtain money and property by selling OTP products on

16  which all excise tax had purportedly been paid to companies located in California without actually

17  paying all of the excise tax owed, and while evading through false statements and misrepresentations,

18  the full amount of the excise tax.

19                    **II.      MANNER AND MEANS**

20      4.      Paragraphs 12 through 22 of Count Ones through Fourteen are re-alleged and fully

21  incorporated herein by reference.

22                    **III.      THE WIRES**

23      5.      On or about the dates set forth below, in the State and Eastern District of California and

24  elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme and

25  artifice to defraud, the defendants did knowingly cause to be sent or delivered by means of wire

26  communication in interstate and foreign commerce, any writings, signs, signals, and pictures for the

27  purpose of executing such scheme or artifice, to the locations set forth below, the documents and items

28  specified below:

INDICTMENT                                    8

| Count | Date | Content of Wire | Recipients |
|---|---|---|---|
| 15. | October 14, 2016 | Email transmitting June 2016 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 16. | October 14, 2016 | Email transmitting July 2016 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 17. | October 14, 2016 | Email transmitting August 2016 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 18. | March 3, 2017 | Email transmitting November 2016 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 19. | March 3, 2017 | Email transmitting December 2016 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 20. | April 21, 2017 | Email transmitting January 2017 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 21. | April 21, 2017 | Email transmitting February 2017 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 22. | June 16, 2017 | Email transmitting March 2017 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 23. | June 16, 2017 | Email transmitting April 2017 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 24. | June 26, 2017 | Email transmitting May 2017 Monthly Excise Tax Return for 21st Century-Nevada | California BOE Sacramento, CA |
| 25. | September 12, 2017 | Email transmitting June 2017 Monthly Excise Tax Return for 21st Century-Nevada | California CDTFA Sacramento, CA |
| 26. | September 12, 2017 | Email transmitting July 2017 Monthly Excise Tax Return for 21st Century-Nevada | California CDTFA Sacramento, CA |
| 27. | January 24, 2018 | Email transmitting August 2017 Monthly Excise Tax Return for 21st Century-Los Alamitos | California CDTFA Sacramento, CA |
| 28. | April 11, 2018 | Email transmitting August 2017 Monthly Excise Tax Return for 21st Century-Nevada | California CDTFA Sacramento, CA |

All in violation of Title 18, United States Code, Sections 2 and 1343.

1   FORFEITURE ALLEGATION:      [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal
                                 Forfeiture]
2

3        1.      Upon conviction of one or more of the offenses alleged in Counts One through Twenty-

4   Eight of this Indictment, defendants RAHMAN LAKHANI, N. ALI ENTERPRISES, INC., and 21st

5   CENTURY DISTRIBUTION, INC., shall forfeit to the United States, pursuant to 18 U.S.C. §

6   981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived

7   from proceeds traceable to such violations, including but not limited to the following:

8              a.      Net Proceeds from the sale of Other Tobacco Products located at 6255
                       McLeod Drive, Suite 13, Las Vegas, Nevada 89120;
9
               b.      Net Proceeds from the sale of Other Tobacco Products located at 10879 Portal
10                     Drive, Suite B, Los Alamitos, California 90720;

11             c.      Approximately $41,274.49 seized from Wells Fargo Bank Account Number
                       5422109032, and
12
               d.      A sum of money equal to the total amount of proceeds traceable to such offenses,
13                     for which the defendants are convicted.

14       2.      If any property subject to forfeiture, as a result of the offenses alleged in Counts One

15   through Twenty-Eight of this Indictment, for which the defendants are convicted:

16             a.      cannot be located upon the exercise of due diligence;

17             b.      has been transferred or sold to, or deposited with, a third party;

18             c.      has been placed beyond the jurisdiction of the court;

19             d.      has been substantially diminished in value; or

20             e.      has been commingled with other property which cannot be divided without

21                     difficulty;

22   it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to

23   seek forfeiture of any other property of defendants, up to the value of the property subject to forfeiture.

24                                                  A TRUE BILL.

25                                          **/s/ Signature on file w/AUSA**

26                                          _____
                                            FOREPERSON
27
     McGREGOR W. SCOTT
28   United States Attorney

     INDICTMENT                                    10

*No.* _ _ _ _ **2: 1 8 - CR - 0 2 5 7 MCE**

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

### RAHMAN LAKHANI,
### N. ALI ENTERPRISES, INC., &
### 21ST CENTURY DISTRIBUTION, INC.

## I N D I C T M E N T

**VIOLATION(S):**  18 U.S.C. § 1341 – Mail Fraud (14 Counts);
and 18 U.S.C. § 1343 – Wire Fraud (14 Counts);
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*

**/s/ Signature on file w/AUSA**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Foreman.*

*Filed in open court this* _ _ _ _ 13th _ _ _ _ _ *day*

*of* _ DECEMBER _ _ , *A.D. 20* 18 _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Clerk.*

*Bail, $* _ _ _ _ _ _ _ _ _ _ _ _ _ _          **NO BAIL WARRANT PENDING HEARING**

GPO 863 525

2:18 - CR - 0257 MCE
## PENALTY SLIP

**Defendant:**   **Rahman Lakhani**

**Counts 1-14:**                    18 U.S.C. § 1341 - Mail Fraud

Not more than 20 years in prison
$250,000 fine or twice the gross loss or gain
3 years of supervised release

**Counts 15-28:**                    18 U.S.C. § 1343 - Wire Fraud

Not more than 20 years in prison
$250,000 fine or twice the gross loss or gain
3 years of supervised release

**Defendants:**   **N. Ali Enterprises, Inc. & 21st Century Distribution, Inc.**

**Counts 1-14:**                    18 U.S.C. § 1341 - Mail Fraud

Up to 5 years' probation
$500,000 fine or twice the gross loss or gain caused by the offense

**Counts 15-28:**                    18 U.S.C. § 1343 - Wire Fraud

Up to 5 years' probation
$500,000 fine or twice the gross loss or gain caused by the offense

**Forfeiture:**

As stated in the indictment

**Assessment:**

$100 on each count